# Richmond

## THOMAS N. STARK AND ALEXANDER N. STARK, JR. v. CITY OF NORFOLK.

November 20, 1944.

Record No. 2839.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*P. A. Agelasto, Jr.* and *W. R. Ashburn*, for the appellants.

*Jonathan W. Old, Jr., Donald W. Shriver* and *M. T. Bohannon*, for the appellee.

HUDGINS, J., delivered the opinion of the court.

Thomas N. Stark and Alexander N. Stark, Jr., filed their bill praying that the City of Norfolk be enjoined from collecting $9,300, accumulated unpaid taxes assessed for the years 1931 to 1940, inclusive, on seven lots of land, against the "George H. Newton estate," and that the assessments be removed as clouds upon the title of complainants. From

a decree denying the injunction and dismissing the bill, this appeal was allowed.

George H. Newton, by his will probated in the Circuit Court of the City of Norfolk on June 25, 1891, devised his real estate to his widow, Bettie T. Newton, for life, with remainder to their son. If the son died without issue, before the widow, the property was devised to the testator's brothers and sisters, or to those of their issue who survived the life tenant. The widow was named as executrix and empowered to sell or exchange any of the real estate, reinvest the proceeds from such sale or exchange, and hold the same "in the same manner as if it had been a portion of my original estate." The son, unmarried and without issue, predeceased his mother. Bettie T. Newton later married Philip Alexander Bruce. At the time of her death, February 10, 1940, Thomas N. Stark and Alexander N. Stark, Jr., appellants, were the only surviving issue of testator's brothers and sisters.

Five of the seven parcels of real estate involved were acquired by reinvestment of funds of the testator's estate, and were conveyed to "Bettie T. Bruce, formerly Newton, wife of said George H. Newton for and during her natural life, to have and enjoy the income thereof during her life as she may see fit; at her death the son George Norton Newton having died without marrying, said property to go to the brothers and sisters of said George H. Newton, deceased, who may be living at the death of said Bettie T. Bruce, formerly Newton, and the descendants of such as may be dead, *per stirpes* and not *per capita*, according to the third clause of the will aforesaid." The other two parcels were owned by the testator at the time of his death.

The decisive question presented is whether taxes, assessed by the City of Norfolk against real estate during the life of the tenant for life, constitute a lien on the real estate after the termination of the life estate when the remaindermen become entitled to possession.

The pertinent provision of section 251 of the Tax Code is the same as section 2271 of the Code of 1919 and section 456 of the Code of 1887, and declares that "all real estate,

except such as is exempted by law, shall be subject to such annual taxation as may be prescribed by law, and there shall be a lien on such real estate for the payment of taxes and levies assessed thereon, prior to any other lien or encumbrance * * * ." Tax Code, section 252, (taken from Code of 1919, sec. 2270; and Code of 1887, sec. 455, with slight amendments), directs every commissioner of revenue, on the first day of January in each year, to proceed without delay to ascertain all real estate in his jurisdiction and the person to whom the same is chargeable with taxes on that day. The concluding sentence is: "The beginning of the tax year for the assessment of taxes on real estate shall be January the first, and *the owner of real estate on that day* shall be assessed for the taxes for the year beginning on that day." (Italics supplied.)

Tax Code, section 254, directs the commissioner of revenue to enter on the land books each town or city lot separately, the name of the owner, his residence and estate. When the owner has been correctly charged with taxes, the commissioner of revenue has no authority, without evidence of record, to change the assessment. Tax Code, section 258.

There have been no material changes in these general statutes, requiring the commissioners of revenue to make assessments upon real estate, since *Tabb* v. *Commonwealth,* 98 Va. 47, 34 S. E. 946, 51 L. R. A. 280, was decided in 1900. These general provisions, and the statutes prescribing how delinquent taxes may be collected, were reviewed by this court in that case, and it was held that taxes and levies, whether assessed by the State or the City of Richmond, which accrued during the estate of the tenant for life, are liens on the estate of the life tenant only, and are not liens on the estate of the remainderman and cannot be enforced against his interest in the property.

Soon after the decision in the *Tabb Case, supra,* was announced, the City of Richmond caused its charter to be amended securing to the city a lien on the interest of the remaindermen in property assessed to the life tenant. The validity of this amendment was attacked in *Powers* v. *Rich-*

*mond,* 122 Va. 328, 94 S. E. 803, and the amendment was held valid. Judge Prentis, speaking for the court, declared: "It is the value of land that is assessed, and under the statute must be assessed in the name of the person who by himself or his tenant has the freehold in possession. He it is who under the Virginia statutes is assessed with the property, and it is well settled that if the person so assessed has an estate for life, it is his duty to pay the taxes." It was further held that, under the amendment to the charter of the City of Richmond, if the life tenant failed to pay the taxes assessed, such failure did not relieve the property of the remainderman from the lien though he was not personally liable for the taxes.

The charter of the City of Norfolk was likewise amended, subsequent to the decision in the *Tabb Case, supra,* to create a lien on the estate of the remainderman for taxes chargeable to the life tenant, but this amendment was repealed. The charter provisions of the City of Norfolk, together with the numerous amendments regarding taxes on real estate, were reviewed by this court in an opinion by Mr. Justice Spratley in *Lowery v. Norfolk,* 179 Va. 495, 19 S. E. (2d) 684. The facts were that Thomas Lowery devised certain real estate in the City of Norfolk to his daughter, Susan, for life, with remainder to his surviving children. The real estate was assessed for taxation in the name of the life tenant, who failed to pay the taxes so assessed for a number of years. Upon the death of the life tenant, James E. Lowery, the sole surviving child of the testator, became the fee simple owner of the land. James E. Lowery filed a bill, as was done in this case, contending that the taxes did not constitute a lien against his estate in the land, and praying that the court declare his title to the land free of the clouds created thereon by the unpaid taxes assessed during the life of the life tenant. On this point, it was said:

"So, logically and irresistibly, we are brought to the conclusion that as the remedy for the enforcement of the lien for the taxes only extends to the estate of the tenant for life, the lien is only on the life estate. The reiteration in the re-

lated sections of the city charter of the extent of the estate which can be sold and converted to taxes negatives any intent to affect the estate of the remainderman.

" * * * . The unpaid taxes accruing during her lifetime constituted a lien on her title. They are but clouds upon the title of the appellant."

The same principle is applicable whether the assessment was made correctly in the name of the tenant for life, as was done in the *Lowery Case*, or whether the assessment was made incorrectly in the name of the estate of the party creating the life estate and the remainder, as was done in the present case. The owner of the real estate within the meaning of the statute, as appeared of record on January first of each year from 1931 to 1940, was Bettie T. Newton or Bettie T. Bruce. She was entitled to and received the benefits derived from the use of the property during that period. The taxes properly assessed not only created a lien on the interest in the property of the tenant for life, but such an assessment created a personal liability upon her.

The City of Norfolk was grossly negligent in its failure to collect the taxes during the lifetime of the life tenant, and in its failure to collect the taxes from her estate after her death. The life tenant paid the taxes on the property from 1891 to 1931, a period of forty years. The unpaid taxes in question constitute a claim against the personal representative of Bettie T. Bruce, but whether that claim is now enforceable cannot be determined in this cause, as the personal representative is not a party. The city has no right, under the provisions of its charter and the provisions of the general statutes, to subject the interest of the appellants in the real estate to the payment of taxes assessed thereon during the life of the tenant for life.

The city contends that the assessment was properly made under the provisions of section 264 of the Tax Code. This section provides: "When the owner dies intestate, the commissioner may ascertain who are the heirs of the intestate, and charge the land to said heirs. When the owner has devised the land, the commissioner may charge the same to

such persons as may be beneficially entitled thereto under the will. If, under the will, the land is to be sold, it shall continue charged to the decedent's estate until a transfer thereof. While it continues charged to the estate, the personal property shall be liable for the tax on all so charged, and subject to distress or other lawful process for the recovery of the same. Any assets in the hands of the personal representatives of the decedent shall be likewise liable therefor."

This statute prescribes the method of making an assessment on real estate when it appears that the owner is dead; that is, (1) when the owner dies intestate, the taxes on the land should be charged to his heirs if they can be ascertained; (2) when the owner disposes of his land by will, then the taxes should be assessed "to such persons as may be beneficially entitled thereto under the will;" and (3) if the owner by will directs his executors to sell his land, then the taxes should be charged to the decedent's estate, and the land and all of the decedent's assets are expressly made liable for the taxes so assessed.

The specific contention of the city is that, inasmuch as the will of George H. Newton empowered his executrix to sell the real estate, it was proper to assess the taxes in the name of the estate.

There is a marked distinction between a simple power of sale and a devise directing that the property be sold. If the devise is to the executor or trustee with the superadded power of sale, then title to the real estate passes to the executor or trustee, and such executor or trustee is entitled to hold the property until the sale is made. If, on the other hand, a naked power of sale only is conferred, the land descends to the heir or passes to the devisee under the will, and such heir or devisee is entitled to the use of the property until the executor or trustee executes the power. "In the one case the title becomes vested in the executor and the heir is entirely eliminated; in the other case the title becomes vested in the heir or the devisee, as the case may be, which is divested only when the executor makes the sale." 1 Harrison on Wills and Adm., 2d ed., p. 578.

■ If the executor or trustee is directed to sell the land, the statute contemplates payment of taxes out of general assets of the testator. On the death of George H. Newton, Bettie T. Newton was the person beneficially entitled to the land under the terms of the will. In the event that she exercised the permissive power of sale, then she was directed to reinvest the proceeds and hold them as a part of the corpus of her husband's estate. She was the owner, as defined in the general taxing statutes, and came within the definition of that word as defined in *Powers* v. *Richmond, supra*, as follows: "The word 'owner' includes any person who has the *usufruct*, control or occupation of the land, whether his interest in it is an absolute fee, or an estate less than a fee."

■ If the property had been correctly assessed to the party beneficially entitled thereto under the will, such assessment would not bind the interest of the remaindermen. Simply because it was improperly assessed to the estate does not render the interest of the remaindermen liable for the taxes which should have been assessed to the life tenant.

The decree of the trial court is reversed, and the case is remanded with directions to enter a proper decree quieting the title of appellants to the real estate described in accordance with the prayer of their bill.

*Reversed and remanded.*