## LESSING v. RUSSEK.
### No. 9903.

Court of Civil Appeals of Texas. Austin.
Nov. 1, 1950.

Rehearing Denied Nov. 22, 1950.

G. F. Steger, of Columbus, for appellant.

Henry S. Paulus, of Yoakum, John C. Marburger, of La Grange, for appellee.

ARCHER, Chief Justice.

This suit was instituted by Mrs. Joe F. Lessing, appellant, against Mrs. Cora Russek, appellee, on a note for $2,000, executed by Gus Russek, who died testate February 14, 1948, and whose will was admitted to probate, which will devised all of his property to his widow, the appellee herein, who was named independent executrix without bond, and she duly qualified as such.

Mrs. Joe F. Lessing made formal presentation of her claim to Mrs. Cora Russek as independent executrix, which was rejected. This was the only claim actually presented to the executrix as a claim against the estate up to January 31, 1950, the time of trial.

Gus Russek for some years prior to his death had been engaged in the business of a wholesale distributor of petroleum products, and had on hand certain equipment, merchandise, and some claims due from some of his customers, and a deposit of $3,500 with The Texas Company, together with the residential and business homestead. The merchandise and equipment were purchased by The Texas Company and the proceeds paid to Mrs. Cora Russek, "administratrix of the estate of Gus Russek." After certain deductions there remained in the possession of The Texas Company $2,384.25 of the $3,500 deposit, which was paid to "Gus Russek Estate" by check, dated June 11, 1948. The total amount of the several checks issued by The Texas Company to Mrs. Cora Russek, "administratrix," and to "Gus Russek Estate" aggregated $11,380.85. There were some small accounts due Gus Russek, which were collected by Mrs. Russek and stated to be not much over two or three hundred dollars.

The case was tried before the court without the aid of a jury and a judgment was

rendered against the plaintiff and in favor of the defendant, Mrs. Cora Russek, a widow, individually and as sole devisee under the will of Gus Russek, deceased, on the ground that the plaintiff had wholly failed to make out a case against the defendant.

This appeal is based on one point assigned as error: "The trial court erred as a matter of law in not holding that, since there was only one claim against the estate of Gus Russek, deceased, namely, that of appellant on which this action is based; and since the will gave plenary powers to the executrix, Mrs. Cora Russek, also sole devisee thereunder, which powers were fully executed at the time this suit was instituted by the placing of all the property of the testator into the possession of Mrs. Cora Russek, as such devisee; and that such property, which had a value in excess of the amount of the claim, having been converted by said sole devisee to her own use, a judgment could be rendered against Mrs. Cora Russek, the sole devisee, as an individual, for the amount of the claim, together with interest, attorney's fees, and all costs of suit."

The appellee claimed in the trial court and here assigns as counter point to appellant's point of error, that there was no error in rendering judgment against appellant and in favor of appellee, for (1) the reason that there was no property belonging to the estate of Gus Russek, deceased, subject to execution, and (2) that the fact being that all of the property was the separate property of Mrs. Cora Russek, and, if not all the separate property, then (3) such property was exempt under the law; and, further, (4) if not the separate property of appellee, that such property passed, free of debt, to the surviving widow, Mrs. Cora Russek, for the reason that the estate of Gus Russek, deceased, was wholly and absolutely insolvent.

There was no denial of the note, the amount, or the presentation of the same as a claim, and was the only claim actually presented to the executrix as a claim against the estate.

The testimony of Mrs. Russek is that she was the executrix of the estate at the time of the trial in the District Court, and that she had not filed an annual account; that Mr. Russek had been a wholesale dealer for The Texas Company for ten years or more; that the company had cut off his credit several years prior to his death and required him to furnish a cash bond; that such bond was furnished; that after the death of Mr. Russek she received a check from the company for $2,384.25, with certain credits and debits attached, which were deducted from the $3,500 deposit, leaving the amount of the balance remitted; that she received the money and was using it.

There was received a number of other checks from The Texas Company, with invoices or credit memorandums attached, aggregating $8,996.60, which were in payment for either equipment or merchandise belonging to the estate of Gus Russek, and each of the several checks, together with the check for $2,384.25, were payable to Mrs. Cora Russek, Administrator for Gus Russek Estate.

There was a bank deposit to the credit of Gus Russek Industries at the time of the death of Mr. Russek.

Mrs. Russek contends that the entire business was her separate property, having been established and maintained from her separate estate to the extent of One Hundred Thousand Dollars during the last ten or twelve years.

The trial court rendered judgment for defendant; just why the record does not disclose. His action must have been for one or more of the following reasons: (1) appellant had no authority to maintain the suit without making the executrix a party; (2) all of the property on hand was the separate property of defendant; (3) that all of such property was exempt from execution; or (4), by a combination of (2) and (3) there was no property to satisfy plaintiff's debt.

Also involved is the question of the estate's solvency or insolvency.

 As to the first question appellant contends that there was only one debt and only one beneficiary under decedent's will and hence making the executrix a party was unnecessary. The evidence relied upon to show only one debt was a stipulation that,

at the time of trial, only one claim had been filed with the executrix, and that no claim had been filed in the probate court. This was not sufficient. Claims need not be presented to an independent executor and, where there is such an executor, need not be filed in the probate court. 13 Tex.Jur., p. 774. There is specific evidence that a debt exists for funeral expenses of deceased. There is general testimony to the effect that there were many other debts.

At most this situation should result only in the abatement of the suit and not in the character of judgment rendered below. It is interesting to note that the executrix was originally a party to this suit. That defendant excepted to this petition on the ground that she was improperly joined with the executrix, and subsequently plaintiff non-suited as to the executrix.

Since this case must be reversed for other reasons, we suggest that the executrix be made a party.

Excluding, for the moment, the $3,500 on deposit with The Texas Company, and the homestead, we are of the opinion that the evidence is wholly insufficient to show that all the property on hand was the separate property of defendant. Appellee was unable to trace or identify any of the funds which she states were given to her husband. The evidence is all to the effect that these funds were so commingled with community funds as to be incapable of separation and identification. See Taylor v. Suloch Oil Co., Tex.Civ.App., 141 S.W.2d 657.

Appellant does not seek to collect her debt out of the homestead and we need not determine whether it is separate or community property.

The balance of the $3,500 on deposit with The Texas Company is shown to have come from an oil lease of defendant's lands which were inherited from her parents. It is indicated that part of this money was for delay rentals and part "bonus." The rentals are, of course, community property. The usual "bonus" for an oil and gas lease is money paid for a sale of the minerals and, in this case, would be the separate property of defendant. See 23 Tex.Jur., p. 123, and

cases cited. The facts concerning this deposit should be fully developed.

We agree with appellee that the equipment used by deceased in the conduct of the business of selling oil and gas is exempt from execution. Art. 3832, Vernon's Ann.Civ.St.; Moore v. Neyland, Tex. Civ.App., 180 S.W.2d 658.

We are also of the opinion that the evidence is insufficient to show the insolvency of the estate. General statements to the effect that decedent owed many debts and was hopelessly insolvent are too indefinite. This record shows only two debts, plaintiff's and the funeral expenses, both totaling about $3,500. Considering the balance of The Texas Company deposit, the money on deposit in the bank and accounts collected, these debts do not exceed the assets.

Even if the estate is insolvent, plaintiff is entitled to be paid her pro rata portion. Art. 3532, V.A.C.S.

The judgment of the trial court is reversed and the cause demanded to the trial court for further proceedings, consistent with this opinion.

Reversed and remanded with instructions.