# Richmond

ANDREW JOSEPH BANKS, EXECUTOR, ETC. v. COUNTY
OF NORFOLK.

November 27, 1950.

Record No. 3705.

Present, Hudgins, C. J., and Gregory, Eggleston, Buchanan and
Miller, JJ.

The opinion states the case.

*Pilcher & Pilcher* and *Willcox, Cooke & Willcox,* for the plaintiff in error.

*Gordon F. Marsh* and *Charles B. Cross, Jr.,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

This action was instituted by notice of motion against the executor of the estate of Julia E. Truitt, deceased, for a personal judgment for taxes on real estate located in Norfolk county for the years 1936 to 1948, both inclusive, with interest, penalties and costs incident to this proceeding. Mrs. Julia E. Truitt was the life tenant of the said real estate during those years.

The defendant filed a plea of general issue and a special plea of the statute of limitations. A jury was waived and the court heard and determined the whole matter of law and fact and rendered a personal judgment against the defendant for $3,994.20, with interest thereon from the first day of July, 1949, until paid, payable from the estate of Julia E. Truitt, deceased.

The facts are not in dispute. Albert James Truitt died intestate on the 17th day of March, 1934, seized of the real estate in question. On the 22nd day of March, 1934, Dr. L. C. Ferebee and Julia E. Truitt, the widow, qualified as the administrators of the estate. They filed a list of heirs which was recorded in the clerk's office in the will book, and said list disclosed that the deceased was survived by his widow, Julia E. Truitt, and a sister, Julia Parsons. There were no children.

An inventory and appraisement of the estate was made, filed with the Commissioner of Accounts, found to be proper and approved. It was received and admitted to record in the clerk's office of the circuit court on the 15th day of August, 1934. The final account of the administrators of the estate was exhibited before the Commissioner of Accounts and was filed on May 12, 1936 in the clerk's office. It was confirmed and ordered to be recorded on the 15th day of June, 1936, there being no exceptions thereto.

For the year 1934 the property appeared on the land book assessed in the name, "Truitt, A. J.", and in 1935 the land book shows the owner to be "Truitt, A. J. Est." The residence of the owner noted on the book was "R. 2, Norfolk". For the year 1936 the land book shows the name of the owner as "Truitt, A. J. Est.", and in the residence column of the land book appears the name "Mrs. J. E. Truitt, Route 4, Norfolk". The assessment continued in the name of "A. J. Truitt estate" through 1948. The property was never assessed in the name of Julia E. Truitt whose estate has been proceeded against in this action.

Julia E. Truitt died September 15, 1948, and Andrew Joseph Banks qualified as her executor. She, after the death of her husband, held a life interest in the real estate involved in this action.

After her death Norfolk county instituted the present notice of motion for an *in personam* judgment against her estate for the taxes, fines, penalties, interest and costs for the years 1936 to 1948, both inclusive.

There are two assignments of error. 1. That the court refused to uphold the plea of the statute of limitations. 2. That the court erred in ruling that the property was properly assessed, in that it had never been assessed in the name of Julia E. Truitt who had a life interest therein.

Code, 1950, sec. 58-1014, provides that under certain conditions there may be, in addition to the lien on real estate for taxes, an *in personam* claim which may be enforced by warrant, motion, action, &c. But the enforcement of the collection of taxes in that manner presupposes that the taxes have been properly charged to the owner. In *Richmond v. Monument Ave. Develop. Corp.*, 184 Va. 152, at page 157, 34 S. E. (2d) 223, in speaking of the personal liability of the owner, we said, "It is unquestioned that the foregoing constitutional and statutory provisions require that taxes shall be assessed against the owner of the land, and that a lawful assessment of taxes upon real property imposes a

personal liability upon the owner against whom the taxes are assessed."

The taxes sought to be enforced by an action *in personam* must be assessed against the owner in order to hold him liable in such an action. We held in *Stark* v. *Norfolk*, 183 Va. 282, at page 287, 32 S. E. (2d) 59, that a life tenant is an "owner", and at page 289 we said, quoting from *Powers* v. *Richmond*, 122 Va. 328, 94 S. E. 803, "The word 'owner' includes any person who has the *usufruct* control or occupation of the land, whether his interest in it is an absolute fee, or an estate less than a fee."

Mrs. Truitt having been the life tenant of the real estate and the owner thereof within the contemplation of our decided cases, and never having been charged with the taxes, no *in personam* judgment could properly be entered against her.

But the county, in order to sustain its position, relies upon Code, 1950, sec. 58-815, as completely curing any defect in the assessment. That section reads: "No assessment of any real estate, whether heretofore or hereafter made, shall be held to be invalid because of any error, omission or irregularity by the commissioner of the revenue or other assessing officer in charging such real estate on the land book unless it be shown by the person or persons contesting any such assessment that such error, omission or irregularity has operated to the prejudice of his or their rights."

That section is concerned with the annual assessment of lands while section 58-1014 grants the right to an *in personam* claim and deals with the collection of taxes. The assessment is one thing while the collection is an entirely different matter.

We are concerned here only with the right of the county to assert an *in personam* claim against the estate of Mrs. Truitt and not with the lien or the enforcement thereof against the property. The 1945 amendment, now Code, 1950, sec. 58-815, was intended to meet the decision in *Albemarle* v. *Massey*, 183 Va. 310, 32 S. E. (2d) 228.

There the question was concerning the enforcement of the lien for taxes on the interests of parties, in a chancery suit, who were not charged or assessed with the taxes. It had nothing to do with the collection of taxes in a personal action against an owner. We held that the land was not assessed in accordance with the statute, and that the assessment was invalid. Then the General Assembly of 1945 enacted what is now section 58-815, which makes no reference to section 58-1014, the latter statute being the authority for the collection of taxes in a personal action against the owner.

Our view is that Code, sec. 58-815 has only to do with the lien on property for taxes and has nothing to do with the enforcement of taxes in a personal action against an owner. On the first day of January of each year, Code, sec. 58-796 requires each commissioner of the revenue to proceed to ascertain the real estate in his county and the person to whom the same is chargeable with taxes on that date, and under sec. 58-808 it is provided that "such changes that may happen within the county or city of any commissioner shall be noted by him in making out his land book." And under section 58-809, "every commissioner, in making out his land book shall correct any mistake made in any entry therein. But land which has been correctly charged to one person shall not afterwards be charged to another without evidence of record that such charge is proper."

Code, section 58-770 has no application here. It provides, in part: "If real estate be owned by more than one person as tenants in common, joint tenants, or otherwise, the lien on such real estate for the payment of taxes and levies annually assessed thereon, whether heretofore or hereafter, shall not be impaired nor shall the assessment thereof be regarded as invalid if such real estate was or is assessed in the name of one of such owners with the notation 'and another', or 'and others', or 'and wife', or 'and husband', or the appropriate abbreviations of such words. * * *". As we have previously stated, we are not considering the lien

on the property involved in this action, but only the personal liability of the life tenant.

Section 58-771 sets forth the duties of the commissioner of the revenue upon the death of an owner intestate and permits the assessment of the heirs of the intestate, or he may charge the land to the decedent's estate until a transfer thereof. He thus has an option or choice as to whether he will ascertain who the heirs are and charge the assessment to them, or charge the assessment to the decedent's estate. In the case at bar he elected to charge the land to the decedent's estate and not to the life tenant. Of course, if the land had been assessed against Mrs. Truitt and subjected to sale for the payment of the taxes during the lifetime of Mrs. Truitt only the remainder of her life tenancy would have passed under such sale. The interest in the estate of A. J. Truitt, if any, would not have passed. We are not considering any city charter provisions that now may be in existence and do not now pass upon their effect.

The commissioner of the revenue could have searched the records in the clerk's office and found that Mrs. Truitt was the life tenant and he could have assessed the property against her. This he did not do. The estate of A. J. Truitt, in whose name the property was assessed, had no right, title or interest in the rents and profits of the property. All of this would have been disclosed by the report made by the administrators of the estate of A. J. Truitt, deceased, which had been approved by the commissioner of accounts and regularly filed in the clerk's office and recorded in the proper will book.

We state again that in order for a county or municipality to proceed personally against an owner for taxes, the statutory requirements must be fulfilled, the taxes must be assessed against such owner who is proceeded against, and the failure to comply with the statutory requirements in an *in personam* action is fatal. In this case the failure to assess the property in the name of Julia E. Truitt, the life

tenant, is a bar to a personal action against her estate for the taxes.

From the view we have taken of this case, it is unnecessary to pass upon the assignment dealing with the plea of the statute of limitations.

The judgment of the trial court is reversed and final judgment will be here entered for the plaintiff in error.

*Reversed and final judgment.*