Effie TRIMBLE et al., Appellants,

v.

Clarence E. FARMER, Appellee.

No. 15740.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 16, 1956.

Rehearing Denied Dec. 14, 1956.

582

Frank R. Graves, Fort Worth, Texas, for appellant, Effie Trimble.

Clarence E. Farmer, Fort Worth, for appellant, Ruth T. Farmer.

Clarence E. Farmer, Fort Worth, for appellee.

MASSEY, Chief Justice.

We have consolidated separate appeals taken from the judgment entered in the trial court.

In one respect plaintiff Clarence E. Farmer was given a judgment foreclosing a tax lien upon a parcel of property, said lien having been transferred to him by the tax collector of the City of Fort Worth pursuant to the provisions of Art. 7345a, V.A.T.S. The trial court was of the opinion that the defendant, the Independent Executrix of an estate of a decedent, was administering only nine-tenths (9/10ths) of the property to which the tax lien related. Defendant Independent Executrix was contending that all title and interest in and to said property belonged to the estate she was administering. The trial court was further of the opinion that an intervener, one Effie Trimble, was the owner of an undivided one-tenth (1/10th) of the property, and that said percentage was subject to foreclosure in like manner as the estate's nine-tenths, and was taxable with one-tenth of the costs and taxes secured by the lien. Judgment in behalf of the plaintiff and against the defendant and the intervener was entered accordingly, from which the intervener perfected an appeal.

Another appeal was perfected by the defendant Independent Executrix (who happened to be Ruth T. Farmer, the wife of plaintiff Clarence E. Farmer) in respect to the resulting interest decreed unto the intervener when the trial court reached the conclusion that such intervener was the owner of the one-tenth interest in and to the property covered by the tax lien, and as such entitled to one-tenth of any amount of money remaining subsequent to sale on foreclosure. The Independent Executrix contended in the trial court, and contends here on appeal, that the entire title and interest to the property covered by the tax lien was a part of the estate being administered, and that therefore she was entitled to all money remaining after such sale as a part of the corpus of the estate.

As the result of the judgment, the appeal of the intervener is related only to the relief granted Clarence E. Farmer, the plaintiff,—and the appeal of the Independent Executrix, Ruth T. Farmer, is related only to the interest found as belonging, and relief granted, to Effie Trimble, the intervener.

Judgment of the trial court is affirmed in all respects.

For the purposes of our discussion the parties will be termed plaintiff, executrix, and intervener.

For the background of the case, the following is noted as its history: A. D. Trimble died in 1924. Surviving him were his wife, Lucy O. Trimble, and five children (or sets of heirs). One of his children was the executrix. Another of his children was A. E. "Bert" Trimble, the husband of the intervener. A. D. Trimble left a holographic will, the material parts of which read as follows: "I, A. D. Trimble Tarrant County Texas hereby declare this to be my last Will. I *apoint* my wife, Lucy O. Trimble my Executor and Trustee her Life. After her death the property will go to the children. In Witness whereof I the Said A. D. Trimble have hereunto set my hand this is Oct 25—year 1913."

A part of the real estate of which A. D. Trimble died seized and possessed was the homestead of himself and his wife, the same constituting community property of said persons. It was this homestead which in later years became subject to the tax indebtedness which is a matter of interest in this case, and as to which the accrued tax lien was transferred to plaintiff Clarence E. Farmer pursuant to the provisions of statute, all as the result of action by himself and Lucy O. Trimble and the tax collector for the City of Fort Worth.

The husband of the intervener died in the month of February, 1950. He left a will, in form a will joint with intervener, reading in part as follows: "We and each of us do give, bequeath, devise and will all our estate, real, personal, and mixed, of whatsoever kind we may die possessed to the survivor absolutely, to be his or her own, to do with as he or she may see fit, to enjoy it, its income, and to transfer, alienate, or otherwise dispose of it as the survivor may see fit."

Lucy O. Trimble died in the month of October, 1950, leaving a will which vested in the executrix all said testatrix' right, title and interest in and to the property involved in this suit, and naming her as independent executrix of her estate. The property involved in this suit was her homestead when her husband died, and it continued to be her homestead up until the date of her own death. This homestead was the only property owned or claimed by Lucy O. Trimble, as of the date of her death in October, 1950.

In 1950, after the month of February, when A. E. "Bert" Trimble died, and before the month of October, when Lucy O. Trimble died, several events transpired. Action taken by the tax collector for the City of Fort Worth indicated that steps needed to be promptly taken if a threatened suit to foreclose the lien for unpaid taxes against the homestead property was to be forestalled. All the heirs of and through the deceased A. D. Trimble effectively transferred their interests in the homestead to Lucy O. Trimble, save and except the intervener. It is to be remembered that A. E. "Bert" Trimble, one of such heirs, was then dead and that if by his will any interest in said homestead was devised, it became vested in the intervener. Also, Lucy O. Trimble, the tax collector, and the plaintiff proceeded to settle and pay off the taxes on the property and forestall a suit to foreclose the lien securing the same, and the lien was transferred to the plaintiff. In connection with this process, the intervener was not a participant, and did not agree for plaintiff to pay the taxes or to receive any lien under any statutory provision in so far as any interest owned or claimed by her might be involved.

■ After Lucy O. Trimble died in October of 1950, her will was probated and executrix proceeded to take possession of the property and to administer the same in her official capacity. Being of the opinion that the full right, title and interest

in and to the property was devolved to her as the heir under Lucy O. Trimble's will, she apparently made improvements on the same out of her own personal funds, or received funds from other sources which she used for a like purpose. However, she never did pay off the tax lien held by the plaintiff, who happened to be her husband. The record does not reflect whether the estate which she was administering owed any debt other than that of the plaintiff, but at least such debt was owed. The administration had not purportedly been closed by any act of Mrs. Farmer, either in the capacity of independent executrix or distributee. It is well settled that in view thereof, the estate of Lucy O. Trimble was not closed and was still an estate in the process of being administered by executrix in that offical capacity. See 14–B Tex.Jur., "Decedents' Estates", p. 159, sec. 1096, "Independent Executor."

 In the record and in the briefs of the parties we see where Mrs. Farmer, apparently in the capacity of an individual rather than as executrix, claims certain rights and benefits as the result of having improved the property in question. However, no issue was made by the pleadings in this respect, and Mrs. Farmer is not a party as an individual before us, and whether any rights did accrue to her is not a question before us and nothing said in our opinion should be construed to relate thereto. Plaintiff's suit was not a suit properly considered as involving the title to the property of the estate within contemplation of V.A.T.S. Art. 1982. Therefore, there was no need to make any heir to the property a party to the suit. Howard v. Johnson, 1888, 69 Tex. 655, 7 S.W. 522. The intervener is shown by the record to be claiming an interest in the rents and revenues which have been received from the property in question, but no issue on this matter was made in the trial below. Whether any right exists in favor of the intervener as against the executrix, the official, or against Mrs. Farmer, the individual, is not a question before us and nothing said in our opinion should be construed to relate thereto. What is before us relates to the property in question at time of the trial and as of the time immediately subsequent to the date Lucy O. Trimble died, rights, interests and titles thereto as of such times, and the procedure upon trial in which the same were attempted to be settled and disposed of.

In that connection the trial court construed the will of A. D. Trimble and held that by the same no trust was created, but that as to the property in question said deceased's one-half community interest therein immediately was devolved unto his children (or those standing in the stead of such children if they were deceased), and that A. E. "Bert" Trimble became vested with one-fifth of his one-half interest therein (or a one-tenth interest), burdened in like manner to the interest devolved to other heirs in that Lucy O. Trimble, his wife, held the life estate in the premises in question.

Further in that connection the trial court construed the will of A. E. "Bert" Trimble and held that by the same his one-tenth interest in the property in question devolved unto his wife, the intervener, burdened by the life estate interest of Lucy O. Trimble.

Still further in that connection the trial court held that by the procedure under which the tax lien of the City of Fort Worth was transferred to the plaintiff, such plaintiff succeeded to the position of tax-lien-holder as to the entire property including the interest therein belonging to the intervener as well as to the interest of Lucy O. Trimble, and that after the death of the latter his rights thereunder extended in identical manner against the intervener and the estate and its executor as it would have against Lucy O. Trimble herself, immediately after the lien was transferred, had she at that time owned all the right, title and interest in and to the property rather than a life estate, a homestead interest, or the major interest in the fee title.

And finally in that connection the trial court held that as to the excess in funds expected to be received following the foreclosure sale, nine-tenths thereof should go to the executrix as a part of the estate being administered by her, she being entitled thereto as such executrix,—and one-tenth thereof should go to the intervener as standing in the place of her tax encumbered undivided interest in and to the real estate in question. Of course, the tax encumbrance would be removed pursuant to application of the proceeds of the sale, if such proceeds were sufficient, and if they should be insufficient the only relief involved as against the intervener and in behalf of the plaintiff would not exceed the amount of one-tenth of said proceeds, for, as we shall later discuss, plaintiff's suit was a proceeding in rem.

In respect to each holding we believe the trial court to have been correct. Except with reference to the words in the will of A. D. Trimble: "I *apoint* my Wife, Lucy O. Trimble my Executor and Trustee her Life", there is no question but what the absence of any words of devise other than "After her (his wife's) death the property will go to the children", his will was not operative to prohibit the vesting of his title in his heirs according to the statutes of descent and distribution. 44 Tex.Jur., "Wills", p. 702, sec. 144 et seq. And the will was not subject to the construction that any trust was created, with Lucy O. Trimble its trustee, for: *First,* the words of the testator ought not to be construed as imperative, since they do not impose any obligation upon Lucy O. Trimble as a trustee; *secondly,* the subject to which the obligation relates (if one could be inferred) is not certain; and *thirdly,* the person intended to be the beneficiary under the trust is not certain. McMurry v. Stanley, 1887, 69 Tex. 227, 6 S.W. 412. We therefore conclude that title of the testator vested in his aforesaid heirs, subject to a life estate in Lucy O. Trimble, the wife.

In respect to the will of A. E. "Bert" Trimble the intervener, as his wife, succeeded to the title and interest in the subject property theretofore held by such testator despite the fact that at time of his death he had no right of possession, the right of possession remaining at that time in Lucy O. Trimble as a life estate or a homestead right. This is true despite the words of the will devising property of which the deceased "may die possessed", because such testator was "possessed" of a vested and not a contingent remainderman's interest. That is the character of an interest in real estate burdened by an intermediate estate if the circumstance is such that its owner would have an immediate right to the possession of the property upon the termination of the intermediate estate. Caples v. Ward, 1915, 107 Tex. 341, 179 S.W. 856; 44 Tex.Jur., "Wills", p. 847, sec. 272, "Contingent Gifts in General—Vesting of Ultimate Gift".

In respect to the question of plaintiff's having succeeded to the rights of the first holder of the tax lien upon all the property, rather than only as against the per cent of the property interest owned by the "owner" contemplated by V.A.T.S. Art. 7345a, decisions in other jurisdictions upon analogous statutory provisions compel our conclusion that within the meaning of the statute Lucy O. Trimble, as the owner of a life estate, was the "owner" of such an interest in the property as entitled her to authorize the transfer of the tax lien upon the property to the plaintiff, and that the transfer operated in law to give the lien to said transferee upon the entire property, and not merely upon the interest of Lucy O. Trimble. Stark v. City of Norfolk, Sup. Ct.App.Va.1944, 183 Va. 282, 32 S.E.2d 59; Powers v. City of Richmond, Sup.Ct. App.Va.1918, 122 Va. 328, 94 S.E. 803; Ceroli v. City of Clifton Forge, Sup.Ct. App.Va.1951, 192 Va. 118, 63 S.E.2d 781; Banks v. Norfolk County, Sup.Ct.App.Va. 1950, 191 Va. 463, 62 S.E.2d 46; Harlan v. Town of Bel Air, Ct. of App., Maryland, 1940, 178 Md. 260, 13 A.2d 370; Meanor v. Goldsmith, Sup.Ct.Pa.1907, 216 Pa. 489, 65 A. 1084, 10 L.R.A.,N.S., 342. The tax lien extended to the property in its entirety,

as an indivisible entity. Furthermore, the owners of the property were not entitled as between themselves, absent any voluntary agreement or issue made in pleadings and evidence as in an adversary proceeding between themselves, to thrust obligation upon the interest of one in any greater proportion than would be the obligation upon the interest of another. In so far as foreclosure proceedings are to be viewed, all owners would owe the lien holder in equal proportion to the proportionate property interest possessed, to the extent of the value of their interest in the property, for the tax lien attaches upon the land rather than upon the person, and a foreclosure suit is a proceeding "in rem" rather than "in personam". Richey v. Moor, 1923, 112 Tex. 493, 249 S.W. 172; Jones v. Devore, Sup.Ct.Ohio 1858, 8 Ohio State 430; Slaughter v. Fitzgerald, 1939, 66 Ohio App. 53, 31 N.E.2d 744; Powers v. City of Richmond, supra. By this we do not mean to say that one-tenth of any amount Lucy O. Trimble might have expended in settlement of taxes against the property during her lifetime, while the intervener or her husband was the owner of a one-tenth interest in the same, would be a charge against said one-tenth interest, or against intervener, in contradiction of the statement in Sargeant v. Sargeant, Tex.Com.App.1929, 118 Tex. 343, 353, 15 S.W.2d 589, 594. We do say that the matter of any claim by the intervener against the executrix as the result of the foreclosure and sale and distribution of excess proceeds in proportion to their interest in the title would be a matter not embraced by this foreclosure suit, and hence we are not required to and do not determine that question on the appeal.

■ The executrix contends that the intervener should not have been permitted to intervene in the suit, but she was not prejudiced by the presence of the intervener, and the plaintiff was enabled to obtain the full relief sought by him only in view of the fact that the intervener was made a party thereto. Intervener's undivided one-tenth interest in and to the property upon which the tax lien was being foreclosed was no part of the estate being administered by the executrix, and she had no power as independent executrix to deal in any way with a greater interest therein than the nine-tenths interest belonging to the estate.

■ The intervener contends that the suit is one by a husband against his wife. The contention is without merit. There was no prohibition of law for Mrs. Farmer to become the independent executrix of the estate of her mother; indeed, the law specifically authorizes such. And when she entered into the official status and capacity of independent executrix in relation thereto, she became freed of the detriments which hamper activities of married women in this state, and at the same time became chargeable with all those exposures to liability from which she was protected as a married woman. While we are able to perceive certain possible abuses in instances where an executrix might properly be sued by another who is her husband under the provisions of law which permit married women to so represent estates, the intervener in this instance has suffered no prejudice and has no valid complaint.

■ The intervener further contends that the trial court erred in rendering any judgment in behalf of plaintiff in view of the absence of any allegation on his part, or proof, that his claim had been presented to the executrix and by her been refused,—and in view of the absence of allegation and proof on the part of plaintiff that the executrix did not have sufficient personal property belonging to the estate of Lucy O. Trimble with which to pay the debt secured by his lien. It is to be noted that no such contention was ever made at any time by the executrix. In so far as the intervener is concerned the questions attempted to be presented would not benefit her in any respect, for such character of defense would belong to the executrix, or perhaps to some heir having an interest in the estate being administered. The intervener is not thus interested in such estate, for her one-tenth

interest in the property in question is not part of the estate and is not being administered by the executrix. Furthermore plaintiff did not need to present his claim to executrix, such not being necessary when the administration is by an independent executrix. 14-A Tex.Jur., "Decedents' Estates", p. 316, sec. 326, "Payment of Claims"; Lessing v. Russek, Tex.Civ.App., Austin, 1950, 234 S.W.2d 891, writ ref., n. r. e.; Ewing v. Schultz, Tex.Civ.App., Galveston, 1920, 220 S.W. 625, error refused. Of course, taxes accrued on real estate may be collected out of the real estate on which the tax is accrued. See Richey v. Moor, supra. The holder of a lien on real estate to secure the payment of taxes is never obliged to proceed in personam or in rem against any other property in seeking satisfaction of the tax debt secured by the lien.

From what we have heretofore stated, it appears that all the contentions made by the intervener are decided except for her point of error to the refusal of the trial court to permit her to amend her pleadings. It is noted that after hearing all the evidence the trial court took the case under advisement, rendering judgment some time later. While the trial judge was so considering the case the intervener requested leave to amend her pleadings so as to plead that the executrix had paid all the indebtedness sued for by the plaintiff. The point of error is overruled. We do not perceive any abuse of discretion on the part of the trial court in connection with T.R.C.P. numbers 63 and 66, and additionally it is to be noted under the provisions of T.R.C.P. 95 that intervener had the obligation to file a plea of payment as a predicate to the right of introduction of any proof of payment. Intervener filed no such plea, and when the evidence was closed the statement of facts reveals there was no issue made as to payment. Furthermore, in view of the fact that the intervener perfected her appeal as to relief awarded plaintiff without the benefit of any statement of facts, and in view of the fact that in our order of consolidation it was directed that the statement of facts filed by the executrix in support of the appeal taken by her should not be available to the intervener in so far as intervener's appeal was to be considered, we need not even advert to the statement of facts to see if the issue was therein raised, but perhaps should merely conclude that it was not.

Also, from what we have heretofore stated, it appears that most of the contentions made by the executrix are also decided. However, it being clear from the pleadings and the evidence that no issue was made or decided as between the intervener and the executrix in her official capacity (this being the only capacity in which Mrs. Farmer may be considered to have been present in the suit under consideration) save and except the question of the status of title of the property on which a tax lien was sought to be foreclosed, we believe that it is proper to state that all material points of error raised and preserved and here presented by the executrix have been discussed and, in view of our expressed conclusions, are overruled. All other points of error presented by executrix have been considered and are overruled without resort to discussion, as none of them raise questions material to a proper disposition of the case.

The judgment of the trial court is in all respects affirmed.

Costs of the appeal taken by said intervener are taxed against her. Costs of the appeal taken by the Independent Executrix are taxed against the estate for which she is the representative.