## CIRCUIT COURT OF LOUDOUN COUNTY

Cecil Wayne Crouch et al.

v.

Stephen P. Robin, individually
and as Administrator w.w.a.
of the Estate of
Bernice P. Crouch, et al.

December 11, 1989

Case No. (Chancery) 12248

By JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Demurrers of Stephen P. Robin, *individually and as* Administrator w.w.a. of the Estate of Bernice P. Crouch ("Robin"), and Bernice Gail Kennerknecht ("Kennerknecht").

For the reasons hereinafter set forth, both Demurrers are sustained.

A demurrer admits as true facts expressly alleged, facts which are by fair intendment impliedly alleged and facts which may be fairly and justly inferred from the facts alleged. *Duggin, Trustee v. Adams*, 234 Va. 221 (1987); *Bowman v. State Bank*, 229 Va. 534 (1985); *Ryland Group, Inc. v. Wills*, 229 Va. 459 (1985); *Penick v. Dekker*, 228 Va. 161 (1984).

Each ground of the Demurrers is addressed below starting with the Demurrer of Robin.

## I. *Demurrer of Robin*

First, Robin asserts that the Complainants have failed to plead any facts which would establish a legally cognizable "right of first refusal" in Cecil Wayne Crouch. A right of first refusal is a contractual obligation. It does not arise by one person's "understanding" or "desire." At the most the allegations of paragraphs 8 and 12 of the Bill of Complaint and the two exhibits attached thereto show that Cecil Wayne Crouch understood or felt that he had a right of first refusal as to Lot 13 arising out of an implied delegation by some of the heirs (which are not specifically identified) of the responsibility for selling the three lots (which include Lot 13) to Robin, as administrator w.w.a.

There is no authority for the proposition that any of the heirs can delegate, expressly or impliedly, the responsibility for the sale of real estate to an administrator. There is a failure to allege any facts which would show any consideration for the right of first refusal to Cecil Wayne Crouch. Nothing has been alleged to impose upon Robin a legal obligation to grant Mr. Crouch a right of first refusal. The last paragraph of Mr. Cerick's letter of March 28, 1988, to Robin (Exhibit 1 to the Bill of Complaint) merely expresses a "wish" that Mr. Crouch have a right of first refusal. It is not an exercise of a right of first refusal as Mr. Cerick argued to the Court on November 28, 1989. Further, I am not aware of any authority that Mr. Crouch has the right as a matter of law to obtain the lot which adjoins his home despite what Mr. Cerick wrote in the same paragraph of the aforesaid letter.

The letter of Elijah B. White to Mr. Cerick dated November 15, 1988 (Exhibit 2 to the Bill of Complaint) does not rise to the level an agreement on the part of Robin to grant Mr. Crouch a right of first refusal. At the most, it merely asks whether any of Mr. Cerick's clients are interested in buying one or more of the lots. Robin did not execute the contract to sell the lots until July 14, 1989.

Article X of the will of Bernice P. Crouch executed on August 2, 1978, granted to her executors a discretionary power of sale. There is nothing in the will to indicate that she intended that the power only be exercisable by

the executors she nominated in her will. Therefore, under Section 64.1-147 the same power can be exercised by Robin as administrator w.w.a. The three lots passed to specifically named residual beneficiaries under Article VI of Mrs. Crouch's will.

Title to the three lots is vested in the residual beneficiaries subject to the naked discretionary power of sale in Robin as administrator w.w.a. The residual beneficiaries are entitled to use the property until the administrator w.w.a. exercises his power of sale. Title then becomes divested when the administrator w.w.a. makes the sale. *See Stark v. Norfolk*, 183 Va. 282 (1944); *Coles v. Jamerson*, 112 Va. 311 (1911); Harrison on Wills and Administration (3d ed.) Section 405.

There are no limitations on the power of sale as set forth in the will. In fact, Article X states "it being in my intention to confer upon my co-executors the broadest and amplest powers . . ." No facts are alleged showing that Robin abused his discretion by executing a contract to sell the three lots. The will does not provide that the co-executors (and, likewise, Robin, as administrator w.w.a.) can sell any of the real estate only if needed to pay estate debts.

Not only have the Complainants failed to allege facts constituting a right of first refusal, but also they have failed to allege the specific terms and conditions of the alleged right of first refusal.

The Demurrer of Robin is sustained as to the first ground.

Secondly, Robin asserts that no facts have been pleaded which would establish the priority of partition over the power of sale granted in the will of Mrs. Crouch. I am of the opinion that when Robin exercised his power of sale as Administrator w.w.a., the residual beneficiaries were divested of their partition rights when they were divested of title. The Missouri case cited by Mr. Price, *Scott v. Dougan*, 527 S.W.2d 680 (Mo. 1975), is persuasive. Because Virginia does recognize the possibility of title being divested from the devisees by the exercise of a discretionary power of sale as evidenced by *Stark* and *Coles* referred to above, I feel that such devisees lose their right to compel partition when the personal represen-

tative with a power of sale exercises that power. Hence, the Demurrer of Robin is sustained on the second ground.

For reasons similar to those stated above, the Demurrer of Robin is also sustained as to the third and fourth grounds. There are no facts alleged in the Bill of Complaint which would constitute a bar to Robin exercising his power of sale as administrator w.w.a. No facts have been pleaded which give the complainants standing to challenge the title to the land that be so conveyed.

In his fifth ground, Robin asserts that the Complainants have failed to plead any facts which would relieve the estate of Bernice Crouch from its obligation to finance the defense of the instant cause. I agree, and the Demurrer of Robin is sustained on this ground. Connected with this ground, Robin in the seventh ground of his Demurrer asserts that no facts have been pleaded which would warrant the intervention of the chancellor at this time on the issue of the legal expenses of the estate. I agree because I feel that such issue is properly raised by an exception to an accounting filed by the administrator w.w.a. under the provisions of Title 26 or Title 64.1 of the Code of Virginia. Furthermore, all that is alleged is that Robin "hired two attorneys without approval of the heirs or the Court for services he was expressly engaged to perform." Fiduciaries hire more than one attorney every day. That is not impermissible in and of itself. There is no legal requirement that an administrator w.w.a. receive the approval of the heirs or the Court before he hires counsel. The will contains no such requirement. I am at a loss to understand what is meant by the phrase in paragraph 25 of the Bill of Complaint which reads "for services he (Robin) was expressly engaged to perform," or the phrase in paragraph 26 that reads "for an undertaking of his (Robin's) own." Robin was appointed by this court in June 1985 as administrator w.w.a. of the Estate of Bernice Crouch. He was not hired by the beneficiaries under the will or by the complainants in this cause. A court does not appoint an attorney as a fiduciary with the expectation that the attorney-fiduciary will also perform legal services for the estate, and, therefore, save the estate some expense. A fiduciary is a person in the eyes of the law, and he is entitled to be represented by counsel. No facts

have been alleged which in any way warrant any relief on the issue of the estate's legal expenses.

Finally, as the sixth ground, Robin asserts that the complaints have failed to plead any facts which would entitle them to injunctive relief. I agree. As previously stated, no enforceable right of first refusal has been alleged in the Bill of Complaint. Also, no allegations have been made which would support an injunction prohibiting Robin from exercising his power of sale as administrator w.w.a.

For all the foregoing reasons, the Demurrer of Robin, both individually and as administrator w.w.a., is sustained in its entirety. Robin has also requested sanctions under Section 8.01-271.1. The complainants would be entitled to a hearing before such sanctions are imposed. The complainants are granted leave to replead if they are so advised within twenty-one days after the entry of the decree sustaining the Demurrer of Robin. If they do not so replead, then the Bill of Complaint will be dismissed with prejudice. The Court will reserve setting a hearing on sanctions until it is determined what the Complainants will do.

The Bill of Complaint contains certain other allegations of breaches of fiduciary duty by Robin as administrator w.w.a. Even if the facts alleged do constitute a breach of fiduciary duty, it would not warrant the relief sought in the Bill of Complaint. For example, failure to inform the beneficiaries does not constitute grounds for specific performance of a right of first refusal to one of the beneficiaries. Also, failure to offer the lots for sale to the beneficiaries before entering into a contract with a third party would not defeat the power of sale.

## II. *Demurrer of Kennerknecht*

At oral argument on November 28, 1989, counsel for the complainants stated that Kennerknecht was made a party defendant only for purposes of the relief sought in Count I (the right of first refusal issue) and Count II (partition). The Demurrer of Kennerknecht adopts all the grounds asserted by Robin as well as an assertion that the Bill of Complaint fails to state a cause of action against her under Virginia law.

For all the reasons set forth in I above, the Demurrer of Kennerknecht is sustained in its entirety with leave to the Complainants to plead over as set forth above.