## CIRCUIT COURT OF THE CITY OF WINCHESTER

City of Winchester

v.

Acorn Properties, Inc.

April 27, 2005

Case No. (Law) 04-235

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on April 21, 2005, for trial. Elizabeth M. Muldowney, Esquire, appeared for the Plaintiff; and George L. Moran, Esquire, appeared for the Defendant. The issue to be decided is the extent to which a co-tenant is personally liable for delinquent real estate taxes.

### I. Statement of Material Facts

The following material facts are not in dispute. The Defendant owns a one half, undivided interest in real property in the City of Winchester, on which the real taxes are delinquent. The City filed a warrant in debt against the Defendant, but not its co-tenants, seeking to collect the entire amount of the delinquent real estate tax from the Defendant personally. The Defendant maintains that it is only personally responsible for payment of half of the taxes, because it has a half interest in the property.

### II. Conclusions of Law

The City may establish due dates for the payment of real estate taxes and promulgate ordinances for the payment of interest, penalties, and collection costs. Virginia Code § 58.1-3919. Winchester has enacted ordinances for the imposition of interest and penalties on delinquent real estate taxes. Winchester City Code §§ 27-2 and 27-3.

While the city has a lien for delinquent taxes which it may enforce by sale of the property, Virginia Code § 58.1-3965, it may also file an *in personam* action against an individual taxpayer like the warrant in debt filed in this case to collect the delinquent tax. *See* Virginia Code § 58.1-3953; and *Banks v. County of Norfolk*, 191 Va. 463, 62 S.E.2d 46 (1950). However, while the lien for delinquent taxes is an *in rem* remedy for which the entire property is liable, an individual property owner may only be held personally liable for the real estate taxes to the extent of his present interest in the property. *See, e.g., Stark v. Norfolk*, 183 Va. 282, 287, 32 S.E.2d 59 (1944) (life tenant is liable for tax, but remainderman is not).

The Defendant Acorn is personally liable for one half of the taxes on the subject property, so the City may only recover payment of one half of the delinquent taxes, accrued interest, and penalties in this legal action.