## VICTOR ANDERSON v. RAYMOND LAPPEGAARD AND ANOTHER.

224 N. W. 2d 504.

December 6, 1974—No. 44329.

*Thuet, Collins & Mitchell* and *Jack A. Mitchell,* for appellant.

*Warren Spannaus,* Attorney General, and *Frederick S. Suhler, Jr.,* Special Assistant Attorney General, for respondents.

Heard before Sheran, C. J., and Peterson, Kelly, and Mac-Laughlin, JJ., and considered and decided by the court en banc.

KELLY, JUSTICE.

This is an action for a declaratory judgment that Minn. St. 1971, § 168.013, violates the Fifth and Fourteenth Amendments of the United States Constitution, and for an injunction prohibiting defendants from taking any action with respect to a notice of registration violation issued pursuant to that statute. Plaintiff appeals from an order dismissing the action for failure to state a cause of action. Affirmed.

Plaintiff is the owner of Anderson Truck Service, a carrier authorized to operate in interstate commerce. One of its truck tractors is registered by the state of Minnesota for a total gross weight of 73,280 pounds and was operated on June 13, 1972, in Scott County, Minnesota, at a weight 4,380 pounds in excess of its registered weight. Plaintiff was issued a citation pursuant

to § 168.013 because of the excess weight. Plaintiff pled guilty to that charge and paid a fine.

Plaintiff has also received, as a result of the citation, a notice of registration violation which requires him to increase the registered weight of the vehicle,[1] and a letter from the Minnesota Department of Public Safety notifying him that an additional registration fee in the amount of $48.14 is due pursuant to the notice of registration violation.

Upon payment of this increased registration fee, the registered weight of plaintiff's vehicle would be increased to 79,000 pounds, which exceeds the maximum gross weight of 73,280 pounds permitted for the vehicle under Minn. St. 169.83, subd. 2(1).

On January 30, 1973, the date of the hearing of plaintiff's motion for summary judgment, defendants through their attorneys served upon plaintiff at the courthouse, approximately 5 minutes before the scheduled hearing, defendant Lappegaard's motion

---

[1] This requirement is established by Minn. St. 1971, § 168.013, subd. 3, the crucial statutory provision in this controversy. It reads in pertinent part: "The owner or driver of a vehicle upon conviction for transporting a gross weight in excess of the gross weight for which it was registered or for operating a vehicle with an axle weight exceeding the maximum lawful axle load weight shall be guilty of a misdemeanor and be subject to fine according to the following schedule:

\* \* \* \* \*

"2. If the gross weight exceeds the selected gross weight for which the vehicle is registered by 2,000 pounds or more, the fine shall not be less than $50 for each such offense, and in addition to paying the fine the owner or driver shall apply to the registrar to increase the authorized gross weight to be carried on the vehicle to a weight equal to or greater than the gross weight of which the owner or driver was convicted of carrying. If the additional registration tax computed upon that weight, plus the tax already paid, amounts to more than the regular tax for the maximum gross weight permitted for such a vehicle under section 169.83, that additional amount shall nevertheless be paid into the highway fund, but the additional tax thus paid shall not be deemed to permit the vehicle to be operated with a gross weight in excess of the maximum legal weight as provided by section 169.83."

to dismiss and defendant Hoaglund's motion for summary judgment. Counsel for plaintiff objected to the motions as being untimely served and filed; the motions were then argued on the merits.[2]

The trial court found that the complaint failed to state a cause of action against either defendant and ordered the action be dismissed.

The issues presented on appeal are:

(1)  Whether the imposition of a vehicle registration tax computed on the gross weight at which the vehicle has operated in the past, but which exceeds the maximum weight allowed on the highway constitutes an impermissible burden on interstate commerce.

(2)  Whether a statutory requirement that a person register his property for a purpose which is prohibited by law is so unreasonable and unfair as to violate the constitutional guaranty of due process of law.

(3)  Whether the inability of the plaintiff to operate his vehicle legally at the weight for which it must be registered is a denial of the equal protection of the laws.

(4)  Whether the imposition of an additional registration fee, after plaintiff had pled guilty and paid a fine for operating his vehicle over its registered weight, constitutes multiple punishment in violation of the Fifth Amendment guaranty against double jeopardy.

(5)  Whether the court properly ordered the action dismissed where the motion for dismissal was not timely served.

1.  *Impermissible Burden on Interstate Commerce*

Plaintiff argues that the state is imposing a tax for a weight in excess of the weight at which the vehicle can legally use its highways, that there is no reasonable relation between the tax

---

[2] The facts are substantially as stated in plaintiff's brief, and are undisputed by defendants in their brief.

and the use of the highways,[3] and therefore the tax is an undue burden on interstate commerce.

Defendants argue that under c. 168, a vehicle is taxed for its use of the highway in proportion to its gross weight without regard to whether that weight may be in violation of an unrelated statute.

Plaintiff concedes that where "a state imposes a tax for the privilege of using its highways according to the gross weight of the vehicle taxed, as does Minnesota, it can be assumed that the tax imposed reasonably compensates the state for the use of its highways by a vehicle of that weight." This "reasonable relation" between the tax and the highway use is based on the empirical fact that the weight of a vehicle is directly related to the resulting wear and hazards of the highway.[4] This reasonable relation between the amount of tax and the weight of a vehicle remains the same at any weight, precluding a finding that the tax is an impermissible burden on interstate commerce.

Furthermore, plaintiff has in fact operated his vehicle at the weight for which the state now seeks compensation. If plaintiff has good cause in the future for operating at the higher weight, Minn. St. 169.86 makes provision for special permits for that purpose.

Finally, it should be pointed out that Federal law requires states to set the maximum permitted gross weight for vehicles using the "Interstate System" of highways at 73,280 pounds. 23 USCA, § 127. Thus, by reason of this Federal law, there should be no interstate commerce carried on with gross weight in excess of 73,280 pounds. It is difficult then to conceive of a small tax on overloaded trucks as being an impermissible burden on interstate commerce where under Federal law such trucks should not be on the highways to begin with.

---

[3] Carley & Hamilton, Inc. v. Snook, 281 U. S. 66, 50 S. Ct. 204, 74 L. ed. 704 (1930).

[4] Hicklin v. Coney, 290 U. S. 169, 173, 54 S. Ct. 142, 144, 78 L. ed. 247, 250 (1933).

## 2. Due Process of Law

Plaintiff's second argument is that a statute which requires a person to register his property for a purpose which is prohibited by law is so unreasonable and unfair as to violate that person's constitutional guaranty of due process of law. In support of this contention, plaintiff relies on some very general principles arising out of the due process clause embodied in Fifth Amendment of the United States Constitution. Plaintiff states:

"* * * 16 Am. Jur. 2d § 550 Constitutional Law reads:

" 'It has been said that protection from arbitrary action is the essence of substantive due process, and similarly, that, in substantive law, due process may be characterized as a standard of reasonableness.'

\* \* \* \* \*

"The due process clause requires that action by a state through any of its agencies must be consistent with fundamental principles of liberty and justice, *Buchalter v. New York,* 319 U. S. 427, 63 S. Ct. 1139, 87 L. Ed. 1492 (1943). * * *

"The guaranty of due process demands that the law shall not be unreasonable, arbitrary or capricious, *Nebbia v. New York,* 291 U. S. 502, 54 S. Ct. 505, 78 L. Ed. 940 (1943). It is difficult to imagine a more capricious application of the law than is here presented. * * * The test of whether a tax law violates the due process clause is whether it bears some fiscal relation to the protection, opportunities, and benefits given by the state, or in other words, whether the state has given anything for which it can ask a return, *Wisconsin v. J. C. Penney Co.,* 311 U. S. 435, [61 S. Ct 246] 85 L. Ed. 267 (1940) ; *Ott v. Mississippi Valley Barge Line,* 336 U. S. 169, [69 S. Ct. 432] 93 L. Ed. 585 (1948); *National Bellas Hess Inc. v. Department of Revenue,* 386 U. S. 753, [87 S. Ct. 1389] 18 L. Ed. 2d 505 (1967)."

These pronouncements are acceptable as general guidelines for the application of the due process clause, but the statute in question here does not violate those standards.

Plaintiff did operate his vehicle on the highway with a gross weight of 77,660 pounds, but had paid a tax for a gross weight not to exceed 73,280 pounds. It does not seem arbitrary, capricious, or unreasonable to make him pay a tax for the use he has made of the highway and for which he had not paid a tax even though he may not do so in the future without a special permit.

In a case similar in its facts, Commonwealth v. Smith, 193 Va. 1, 68 S. E. 2d 132 (1951), the Commonwealth of Virginia instituted a proceeding to recover increased registration fees on trailers owned by defendant after defendant had illegally operated at a weight in excess of that at which the vehicles were registered. In affirming a judgment for the defendant, the court pointed out that while the government had the right to impose a license tax on an illegal business or operation, there was no provision in the Virginia statutes for the imposition of a registration fee based upon a weight at which the vehicles could not be licensed to operate. It seems reasonable to infer that if Virginia had had a statute similar to Minn. St. 168.013, subd. 3, which expressly provides for such a registration process, the Virginia court would have upheld the statute and arrived at the opposite result.

In Stein v. Kentucky State Tax Comm. 266 Ky. 469, 99 S. W. 2d 443 (1936), plaintiffs challenged the constitutionality of a statute which required them to pay a license tax for selling liquor. Plaintiffs contended that the statute was an evasion of an amendment to the Kentucky Constitution prohibiting sales of alcoholic liquors. The court stated that even if the statute had this effect, plaintiffs could not recover the payment of licenses, because—

"* * * a government may enforce collection of a license or excise tax on the doing of a prohibited act or on a business unlawfully conducted, the payment of the tax being no justification for doing the forbidden act." 266 Ky. 473, 99 S. W. 2d 445.

In Benson v. City of Long Beach, 61 Cal. App. 2d 189, 142 P.

2d 440 (1943), plaintiff brought an action to recover from the city the price paid for a license to operate his business of placing bets on race horses, a business forbidden by state law. The court stated:

"* * * The ordinance did not attempt to provide that the one who took out a license thereby had the legal right to conduct the business licensed, but only that he could not conduct it without obtaining a license and paying a tax for the privilege. * * * The legality of a license tax does not depend on the legality of the business for which the tax is required." 61 Cal. App. 2d 192, 142 P. 2d 441.

The reasoning of these cases would uphold the Minnesota statute as a constitutional attempt to provide only that the state be compensated for the privilege which has already been unlawfully exercised and which may, by special permit pursuant to Minn. St. 169.86, be lawfully exercised in the future.

Plaintiff cites three cases for the proposition that the due process test for a tax law is whether the state has given anything for which it can ask a return. Even under this test, the Minnesota statute is constitutional since the state is merely seeking a return for the privilege, already exercised, of using its highways at the weight on which the increased license fee is based.

3. *Equal Protection*

With regard to the third issue, plaintiff argues that compliance with the state's demand for increased registration would not entitle him to operate his vehicle at the weight for which it would be registered, and since others who register pursuant to the same statute are allowed to operate their vehicles at their registered weights, plaintiff is subjected to arbitrary discrimination in violation of the equal protection clause.

As a general principle of judicial view, the question of classification is primarily for the legislature, and unless the classification is arbitrary and clearly unreasonable, the court has no

right to interfere.[5] Section 168.013 does have the effect of creating a classification between those who may operate their vehicles at the registered weight and those like plaintiff who, at least without special permit, may not. There appears, however, to be a rational basis for the classification. The weight for which plaintiff would be registered under the increased fee has been determined by the legislature to exceed the maximum desirable weight for vehicles on the highway system. But since plaintiff has in fact operated his vehicle at a weight exceeding the maximum, it is reasonable that he should pay the corresponding registration fee. The key point is that all those similarly situated are required to do the same.

### 4. *Double Jeopardy*

Plaintiff's fourth argument is grounded on the principle that the Fifth Amendment guaranty against double jeopardy protects against multiple punishments for the same offense.[6] Plaintiff's argument is premised on the contention that the registration fee imposed is in fact a penalty and not a tax.

These terms were defined in United States v. LaFranca, 282 U. S. 568, 572, 51 S. Ct. 278, 280, 75 L. ed. 551, 555 (1931):

"* * * A tax is an enforced contribution to provide for the support of government; a penalty, as the word is here used, is an exaction imposed by statute as punishment for an unlawful act."

The registration fee required by § 168.013, subd. 3, is expressly earmarked for the highway user tax distribution fund.[7] This fact, while not conclusive on the issue, would support a finding that the fee is a tax rather than a penalty, and is therefore

---

[5] Minneapolis Federation of Teachers v. Obermeyer, 275 Minn. 347, 147 N. W. 2d 358 (1966). See, generally, 16 Am. Jur. 2d, Constitutional Law, § 496.

[6] North Carolina v. Pearce, 395 U. S. 711, 89 S. Ct. 2072, 23 L. ed. 2d 656 (1969).

[7] See footnote 1, *supra*.

neither a violation of the constitutional provision against double jeopardy nor the statutory prohibitions against multiple punishments.[8]

### 5. *The Untimely Motion to Dismiss*

Plaintiff argues that since the defendants' motion for dismissal and motion for summary judgment were not timely filed,[9] the trial court erred in granting defendant Lappegaard's motion for dismissal and could properly rule only on plaintiff's motion for summary judgment.

Defendant Hoaglund's motion for summary judgment is governed by Rule 56, Rules of Civil Procedure, under which a minimum of 10 days' notice is required before the time fixed for the hearing. Defendant Lappegaard's motion for dismissal is governed by Rule 6.04, under which 5 days' notice is required. Clearly, if plaintiff had not moved for summary judgment, it would have been error for the trial court to consider the motions absent a waiver of these notice requirements.

Under the circumstances of this case, however, the trial court acted properly. Plaintiff's motion for summary judgment was properly before the court at the January 30 hearing. Under Rule 56 governing summary judgments, a judgment is to be rendered if there is no issue of material fact and *either* party is entitled to judgment as a matter of law. Even if defendants had filed no motions, the court could properly have found, just as it did, that the complaint failed to state a cause of action and could therefore have ordered the action dismissed.

Since the result would have been correct in the absence of defendants' motions, the fact that those motions were defective

---

[8] Minn. St. 609.035, provides as follows: "* * * [I]f a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

[9] This fact was admitted to be true by counsel for defendants.

could not have prejudiced plaintiff and thus there is no cause for reversal.

Affirmed.

Mr. Justice Todd took no part in the consideration or decision of this case.