Terry and Marcia **LEIDALL**, et al., Plaintiffs,

v.

**GRINNELL MUTUAL REINSURANCE COMPANY**, et al., Defendants.

Melody A. **SCHEFFEL**, individually, and as Trustee of the Estate of Arnold C. Scheffel, Appellant,

and

Grinnell Mutual Reinsurance Company, Defendant and Third Party Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Respondent.

No. CX–84–2024.

Court of Appeals of Minnesota.

Sept. 24, 1985.

Bob A. Goldman, Thomas Cary, Tuveson, Goldman & Nelson, Chartered, Albert Lea, for appellant.

Robert R. Dunlap, Dunlap, Keith, Finseth, Berndt & Sandberg, P.A., Rochester, for respondent.

Heard, considered and decided by RANDALL, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

This case arises out of a suit by Melody Scheffel, individually and as trustee of the estate of Arnold C. Scheffel, to recover underinsured motorist benefits on a fleet insurance policy. Scheffel appeals from the trial court's grant of summary judgment in favor of respondent State Farm Mutual Automobile Insurance Company. We affirm.

## FACTS

Melody Scheffel's husband, Arnold Scheffel, was killed in a car accident on August 29, 1982, in Austin, Minnesota. Arnold Scheffel was one of five passengers in an automobile owned by Terry and Marcia Leidall; both cars involved in the accident

had insurance limits of $25,000 per person and $50,000 per accident. Melody Scheffel brought suit against State Farm and filed a motion for summary judgment, seeking a declaratory judgment that Arnold Scheffel was an insured under a policy providing underinsured coverage on three vehicles owned by her husband's partnership.

Arnold Scheffel, his brother, Roger, and their father, Richard, were partners in a farming operation named Richard Scheffel & Sons. The farmland was mainly in Minnesota, but part of the operation took place in Iowa. Richard and Roger resided in Minnesota, while Arnold was a resident of Iowa. All three partners lived in separate households.

The insurance policy in issue was a "fleet" policy covering seven vehicles, with Richard Scheffel as the named insured. The seven vehicles included three vehicles owned by the partnership, but titled in Richard Scheffel's name; three personal vehicles owned by Richard Scheffel; and one personal vehicle owned by Roger Scheffel. Under an exception listed on the fleet schedule, Roger was listed as the named insured and owner of his personal vehicle. The partnership's interest in the three partnership vehicles was not noted on the policy. The partnership reimbursed Richard Scheffel for the cost of the partnership vehicles and paid for the cost of maintenance. Arnold Scheffel also owned two personal vehicles, but they were insured by a policy issued in Iowa.

The policy defines "insured" for purposes of underinsured motor vehicle coverage as "the person or persons covered by uninsured motor vehicle or underinsured motor vehicle coverages." Included in this definition are the named insured, his or her spouse, their relatives living in the same household and any other persons occupying a car owned by the named insured or occupying a car driven by the named insured or that person's spouse.[1] In the declarations section, the policy states that "[u]nless otherwise stated in the exceptions space on the declarations page * * * [y]ou are the sole owner of *your* car."

In support of her motion for summary judgment, Melody Scheffel offered depositions of Roger Scheffel and of Clayton Meyer, the State Farm agent who sold the policy. Meyer stated in his deposition that he knew the Scheffels were operating together but he did not say whether or not he knew of the partnership arrangement. Meyer did say that he knew that some of the vehicles would be used in a farming operation and would intermittently be driven or used by either Richard or Roger or Arnold. Roger Scheffel, in his deposition, when asked whether the policy "would * * have been in the name of the partnership" replied "Yes, I'm sure it would be." State Farm opposed the motion for summary judgment but did not move for relief itself. The trial court entered an order denying Scheffel's motion and entered judgment in favor of State Farm.

### ISSUES

1. Did the trial court err in granting summary judgment in favor of State Farm, the non-moving party?

2. Was Arnold Scheffel an insured under the fleet policy issued by State Farm so as to entitle his spouse and estate to underinsured benefits?

---

1. *Insured* —means the *person* or *persons* covered by uninsured motor vehicle or underinsured motor vehicle coverages. This is:
 1. the first *person* named in the declarations;
 2. his or her *spouse;*
 3. their *relatives;* and
 4. any other *person* while *occupying:*
 a. *your car,* a *temporary substitute car* or a *newly acquired car.* Such *car* has to be used within the scope of the consent of the first *person* named in the declarations or that *person's spouse;* or
 b. a *car* not owned by *you, your spouse* or any *relative.* It has to be driven by the first *person* named or that *person's spouse* and within the scope of the owner's consent.
 Such other *person occupying* a *car* used to carry *persons* for a charge is not an *insured.*
 5. any *person* entitled to recover damages because of *bodily injury* to an *insured* under 1 through 4 above.
 (Emphasis in original).

## ANALYSIS

### I

 Rule 56.03 of the Minnesota Rules of Civil Procedure states that "Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that *either* party is entitled to a judgment as a matter of law." (emphasis added). This rule gives the court authority to enter judgment for either party, including a non-moving party, on the basis of the documents before the court when the motion is made. *See Anderson v. Lappegaard,* 302 Minn. 266, 224 N.W.2d 504 (1974). The trial court was not in error on this procedural point.

### II

 Melody Scheffel contends that Arnold Scheffel is insured on the State Farm policy because the policy covers the partnership vehicles. The written policy issued by State Farm to Richard Scheffel clearly states that Richard Scheffel is the named insured. The policy does not list Arnold or Richard Scheffel & Sons, the partnership, as insured nor does it note that the partnership has any ownership interest in the vehicles. There is no dispute that neither Arnold nor Melody Scheffel fit into any of the categories of insured listed in the policy. They were not members of Richard's household nor was the car involved in the accident owned or driven by Richard, the named insured. Where language used in

---

2. Minn.Stat. § 65B.43 Subd. 5, defines "insured" for purposes of No-Fault coverage as follows:
 Subd. 5. 'Insured' means an insured under a plan of reparation security as provided by sections 65B.41 to 65B.71, including the named insured and the following persons not identified by name as an insured while (a) residing in the same household with the named insured and (b) not identified by name in any other contract for a plan of reparation security complying with sections 65B.41 to 65B.71 as an insured:

an insurance contract is unambiguous, it must be given its ordinary and usual meaning by a court. *See Fireman's Insurance Co. of Newark, N.J. v. Viktora,* 318 N.W.2d 704 (Minn.1982); *State Farm Fire and Casualty Co. v. McPhee,* 336 N.W.2d 258 (Minn.1983). The language of the policy was unambiguous in naming Richard as the sole insured and that contractual provision was honored by the trial court.

 Additionally, there is nothing in the definition of insured under Minnesota's No-Fault Act, Minn.Stat. § 65B.43, subd. 5 (1982), which would include Arnold Scheffel as an insured.[2] A general legislative intention to provide compensation to victims of automobile accidents cannot substitute for the intention of the parties. *Rademacher v. Insurance Co. of North America,* 330 N.W.2d 858, 861 (Minn.1983).

Appellant argues that the trial court could have used a "reverse pierce" theory applied by the Minnesota Supreme Court in *Roepke v. Western National Mutual Insurance, Co.,* 302 N.W.2d 350 (Minn.1981), in order to find the partnership an insured. In *Roepke,* the supreme court viewed an individual as an insured despite the fact that the individual's wholly-owned corporation was listed as the named insured. The factors the supreme court found pertinent were that the individual was the president and sole shareholder of the corporation, the insured vehicles were used as family vehicles, and neither the individual nor members of his family owned any other vehicles. *Id.* at 353. The supreme court has declined to extend this doctrine beyond the factual situation involved in *Roepke.* *See*

(1) a spouse,
(2) other relative of a named insured or
(3) a minor in the custody of a named insured or of a relative residing in the same household with a named insured.
A person resides in the same household with the named insured if that person usually makes his home in the same family unit, even though he temporarily lives elsewhere.

*Kuennen v. Citizens Security Mutual Insurance Co.,* 330 N.W.2d 886 (Minn.1983).

Not only are the facts in the present case distinguishable from those involved in *Roepke* but the context is different as well. In *Roepke,* the court looked beyond the named insured, the corporate entity, to find an individual insured; Scheffel is asking that the court look beyond the named insured individual to find a business entity, the partnership and derivatively the individual partners, as the insured. Because of these differences, *Roepke* does not apply.

■ The issue, as Scheffel presented it in her cross claim and motion for summary judgment, and in the decision of the trial court, is limited to contract construction. The appellant did not seek reformation of the insurance policy. Furthermore, the trial court did not have before it any evidence to support a reformation claim. There is virtually no evidence that Richard Scheffel requested coverage for Arnold Scheffel or that Clayton Meyer had any knowledge of the partnership's ownership interest in the insured vehicles. *Cf. Davidson v. State Farm Mutual Automobile Insurance Co.,* 373 N.W.2d 642 (Minn.Ct.App., filed Sept. 3, 1985) (insurance agent testified that he assumed a fleet policy issued to a corporation owned by two physicians would cover them and their families). *See also Kashmark v. Western Insurance Companies,* 344 N.W.2d 844 (Minn.1984) (conflicting testimony raised the issue whether an insurance agent had actual knowledge that a son, rather than a father, owned an automobile).

### DECISION

The trial court correctly concluded that the evidence was insufficient to raise a genuine issue of material fact on a reformation theory and that because the contract language was clear and unambiguous, State Farm was entitled to summary judgment.

Affirmed.