STATE of Minnesota, Respondent,

v.

Rodney B. KAGER, Appellant.

No. C3–85–1260.

Court of Appeals of Minnesota.

Feb. 25, 1986.

Review Denied April 24, 1986.

Hubert H. Humphrey, III, Atty. Gen., Mary B. Magnuson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Susan E. Barnes, Lindquist & Vennum, Minneapolis, for appellant.

Heard, considered and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ.

## OPINION

LANSING, Judge.

Rodney B. Kager appeals the trial court's ruling that Minn.Stat. § 169.872, subd. 1, a highway traffic regulation, does not violate the due process or equal protection clauses of the Minnesota and United States Constitutions. We affirm.

## FACTS

Rodney B. Kager is the vice president and district manager of Woodlake Sanitary Service, Inc., a company which operates the Flying Cloud Landfill. Flying Cloud is one of four landfills in the metropolitan area that use scales to weigh each load of garbage and base the customer's dumping charge on that weight. All other landfills in the metropolitan area charge their customers according to the number of yards of waste their vehicles hold, regardless of weight.

Minn.Stat. § 169.872, subd. 1, provides:

**Record keeping.** A person who weighs goods before or after unloading or a person who loads or unloads goods on the basis of liquid volume measure shall keep a written record of the origin, weight and composition of each shipment, the date of loading or receipt, the name and address of the shipper, the total number of axles on the vehicle or combination of vehicles, and the registration number of the power unit or some other means of identification by which the shipment was transported. The record shall be retained for 30 days and shall be open to inspection and copying by a state law enforcement officer * * * upon demand. No search warrant is required to inspect or copy the record.

Failure to keep written records is a misdemeanor. *See id.*, subd. 3. The records may be used as relevant evidence of violations of the state's weight limitations. *See id.*, subd. 2. The parties stipulated that the statute applies to landfill operators who use scales but not to those who charge by the yard.

On March 25, 1983, a state trooper issued Kager a citation for failing to comply with the record-keeping requirements of Minn. Stat. § 169.872, subd. 1. Kager's invoices contained all the required information except for the origin and composition of the shipments.

Kager pleaded guilty to the charge on January 19, 1984, in Hennepin County Municipal Court and was sentenced to pay a fine of $275. Kager's plea was "conditioned" on his constitutional objections to the statute, although these objections were not presented to the trial court. Kager appealed, and this court remanded to allow Kager to withdraw his guilty plea and raise his constitutional objections before the trial court. *See State v. Kager*, 357 N.W.2d 369 (Minn.Ct.App.1984). On remand, the trial court held that Minn.Stat. § 169.872 is not unconstitutionally vague, nor does it violate the equal protection clause of the United States Constitution. Kager appeals from that order.[1]

---

1. The record shows, and the parties acknowl-

edged at oral argument, that Kager did not

## ISSUES

1. Is Minn.Stat. § 169.872, subd. 1, impermissibly vague, rendering it an unconstitutional violation of due process?

2. Does Minn.Stat. § 169.872, subd. 1, violate the equal protection clause?

## ANALYSIS

### I

A statute which provides the basis of a criminal prosecution must meet due process standards of definiteness under both the Minnesota and the United States Constitutions. *State v. Newstrom*, 371 N.W.2d 525, 528 (Minn.1985). A statute is void for vagueness if persons of common intelligence must necessarily guess at its meaning or differ as to its application. *See State v. Newstrom*, 371 N.W.2d at 528 (quoting *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1925)). The purpose of the void-for-vagueness doctrine is to put ordinary people on notice of what conduct is prohibited and, more importantly, to discourage arbitrary and discriminatory law enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).

Kager claims that the terms "composition" and "origin," as used in Minn.Stat. § 169.872, subd. 1, are unconstitutionally vague. He argues it is not clear whether a general response such as "garbage" would be sufficient to satisfy the composition requirement, or whether a detailed breakdown of the composition of the garbage itself would be required. He similarly argues that "origin" is not sufficiently defined.

Where first amendment freedoms are not involved, vagueness challenges must be examined in light of the defendant's actual conduct. *See State v. Becker*, 351 N.W.2d 923, 925 (Minn.1984). He must show that the statute lacks specificity as to his own behavior and not as to some hypothetical situation. *See Parker v. Levy*, 417 U.S. 733, 755–57, 94 S.Ct. 2547, 2561–62, 41 L.Ed.2d 439 (1974). Here, Kager did not even try to comply with the statute; he made no attempt to record the origin and composition information. He argues that if he records this information, customers will go to non-weighing landfills rather than risk a civil fine for being overweight. Thus, Kager's violation of the statute appears to be a result of business considerations, rather than inability to understand the statute. "While doubts as to the applicability of the language in marginal fact situations may be conceived," we think the statute adequately warned Kager that failure to attempt to record all the required information was a criminal offense. *United States v. Powell*, 423 U.S. 87, 93, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975). *See also Sproles v. Binford*, 286 U.S. 374, 393, 52 S.Ct. 581, 587, 76 L.Ed. 1167 (1932) (statute providing that oversized or heavy loads must be transported by the "shortest practicable route" is not unconstitutionally vague because the carrier was given clear notice that a reasonably ascertainable standard of conduct is mandated). We hold the statute is not unconstitutionally vague.

### II

Kager contends that Minn.Stat. § 169.-872 unconstitutionally discriminates between landfill operators who use scales and

---

withdraw his plea at the remand hearing on April 22, 1985. The trial court's order, filed on June 4, 1985, upholds the constitutionality of the statute but does not adjudicate Kager's guilt or innocence. Appellate court records show the notice of appeal was hand-delivered on July 5, 1985.

In misdemeanor cases, the defendant has an appeal of right from the final judgment. *See* Minn.R.Crim.P. 28.02, subd. 2. The only judgment entered in this case was on January 19, 1984. If Kager's guilty plea had been withdrawn and another judgment entered, the judgment would have been appealable within ten days. *See id.*, subd. 4(3). However, the plea was not withdrawn, and the appeal, consequently, is from a nonappealable order. For the sake of expediency, we will consider the notice of appeal as a petition for review of a nonappealable order under *id.*, subd. 3, and grant discretionary review.

those who do not, because those who use scales are subject to the statute.

Unless a legislative classification is arbitrary and clearly unreasonable, it will be upheld. *Anderson v. Lappegaard,* 302 Minn. 266, 273–74, 224 N.W.2d 504, 509 (1974). Minn.Stat. § 169.872, subd. 1, classifies persons into two categories: those who weigh goods before and after unloading, and those who do not. The statute's obvious purpose is to regulate the weight of vehicles on the roadways. Since yardage landfills are clearly not in a position to gather any weight data, the legislature did not impose the record-keeping requirements upon them. Thus, there exists a rational basis for the classification.

Further, we think the data required to be recorded will reasonably aid in regulating the weight of vehicles. The origin information, for example, is necessary to determine the route taken to the landfill, because the roads have different weight limits. We conclude that the legislative classification is reasonable in light of the state's legitimate purpose.

Finally, the statute does not treat similarly situated people differently. Landfill operators who choose to use scales are treated in the same way under the statute. *See Anderson v. Lappegaard,* 302 Minn. at 274, 224 N.W.2d at 509. The statute does not violate the equal protection clause.

### DECISION

The record-keeping requirements of Minn.Stat. § 169.872 do not violate the due process or equal protection clauses of the Minnesota and United States constitutions.

Affirmed.