**AMERICAN NATIONAL FIRE INSURANCE COMPANY,**
Appellant,

v.

**Randy CORDIE, Respondent,**

**Renee Cordie–Ahles, Defendant,**

**Bonnie M. Silberstein, as Trustee of the Heirs of Delton G. Silberstein, Jr., Respondent.**

No. C2–91–948.

Court of Appeals of Minnesota.

Dec. 17, 1991.

Richard J. Chadwick, Robert E. Kuderer, Chadwick, Johnson & Condon Financial Plaza, Minneapolis, for appellant.

Walt Libby, Libby Law Office, Montevideo, for respondent Cordie.

Stephen S. Eckman, Logan N. Foreman, III, Joel E. Smith, Eckman, Collins, Strandness & Egan, Minneapolis, David C. McLaughlin, Pfleuger, Kunz & McLaughlin, Ortonville, for respondent Silberstein.

Considered and decided by HUSPENI, P.J., and PETERSON and LOMMEN, JJ.

## OPINION

LOMMEN, Judge.[*]

Appellant challenges the trial court's grant of summary judgment to respondent Randy Cordie, arguing it does not have a duty to defend and indemnify Cordie in a wrongful death action against him. We disagree and affirm.

## FACTS

In May 1984, Randy Cordie shot and killed Delton Silberstein. Cordie was tried by the court. The trial court in the criminal proceeding found the elements of first degree murder were proved beyond a reasonable doubt. In the capacity proceeding, the court found Cordie not guilty by reason of mental illness.

Cordie was living with his mother, Rene Cordie–Ahles, when he shot Silberstein. Consequently, he was deemed an "insured" under Ahles' homeowner's policy with appellant American National Fire Insurance Company (American). Ahles' homeowner's policy provides:

COVERAGE E—Personal Liability

If a claim is made or suit is brought against any *insured* for damages because of *bodily injury* or *property damage* caused by an occurrence to which this coverage applies, we will

1. pay up to our limit of liability for the damages for which the insured is legally liable; and

2. provide a defense at our expense by counsel of our choice, even if the allegations are groundless, false, or fraudulent * * *.

\* \* \* \* \* \*

EXCLUSIONS

1. COVERAGE E, PERSONAL LIABILITY, AND COVERAGE F, MEDICAL PAYMENTS TO OTHERS, do not apply to bodily injury * * *.

a. which is expected or intended by the insured.

(Emphasis in original).

In January 1988, Bonnie Silberstein, as trustee for Delton Silberstein's heirs, commenced a wrongful death action against Cordie. In turn, American commenced this declaratory judgment action to determine whether it owed a duty to defend and indemnify Cordie in the wrongful death action.[1] American argued the three-year limitation period for wrongful death actions, Minn.Stat. § 573.02 (1984) or, in the alternative, the intentional act exclusion in the insurance policy, barred Cordie's claim for defense and indemnity.

In January 1991, the trial court in the wrongful death action ruled the claim was not barred; it held the exception to the three-year limitation period for "intentional acts constituting murder" applied. *See id.*

---

[*] Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

[1.] In May 1990, the Silbersteins commenced another action against Cordie, as well as Cordie's mother and stepfather and Big Stone County, for negligent infliction of emotional distress. American's declaratory judgment action did not seek a determination of its obligations concerning this claim, and this decision does not address that issue.

Thus, even though the wrongful death claim was commenced after the limitations period, the action was not time-barred. Subsequently, the trial court granted Cordie summary judgment in American's declaratory judgment action. It reasoned no genuine issues of material fact were presented that at the time Cordie killed Silberstein, Cordie was unable to control his conduct "in accordance with reason because of his mental illness." *See State Farm Fire & Casualty Co. v. Wicka,* 461 N.W.2d 236 (Minn.App.1990), *aff'd as modified,* 474 N.W.2d 324 (Minn.1991). Thus, the trial court concluded the intentional act exclusion did not apply. Accordingly, the trial court imposed a duty on American to defend and indemnify Cordie in the wrongful death action. This appeal followed.

## ISSUE

Did the trial court err in concluding the intentional acts exclusion in the homeowner's insurance policy did not apply?

## ANALYSIS

In reviewing a grant of summary judgment, this court must determine: (1) whether genuine issues of material fact exist, and (2) whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). Interpretation of an insurance policy is a question of law which the trial court may properly decide on a summary judgment motion and which this court reviews de novo. *See Iowa Kemper Ins. Co. v. Stone,* 269 N.W.2d 885, 886–87 (Minn.1978). The nonmoving party may be granted summary judgment as a matter of law. *Anderson v. Lappegaard,* 302 Minn. 266, 275, 224 N.W.2d 504, 510 (1974).

American contends the trial court erred by concluding the intentional act exclusion provision in Renee Cordie–Ahles' insurance policy does not apply. We disagree. Two Minnesota appellate court decisions, which were released after briefing but before oral argument in this case, have a decisive impact on our decision. First, the trial court predicated its decision that the exclusion provision did not apply in this case on the standard set out in *Wicka,* 461 N.W.2d 236, *aff'd as modified,* 474 N.W.2d 324. In *Wicka,* this court ruled an exclusion provision is inoperative when mental illness deprives the defendant of "the mental capacity to govern his conduct in accordance with reason." *Id.* at 242. Since the trial court's decision, however, the supreme court has issued its opinion in *Wicka* and modified the standard:

[F]or the purposes of applying an intentional act exclusion contained in a homeowner's insurance policy, an insured's acts are deemed unintentional where, because of mental illness or defect, the insured does not know the nature or wrongfulness of an act, or where, because of mental illness or defect, the insured is deprived of the ability to control his conduct regardless of any understanding of the nature of the act or its wrongfulness.

*Wicka,* 474 N.W.2d at 331.

The question arises, therefore, whether this case should be remanded to the trial court to apply the modified standard for determining the applicability of intentional act exclusion provisions. Under the circumstances, we believe the trial court's finding that Cordie was not guilty by reason of mental illness satisfies the *Wicka* standard as a matter of law. Hence, a remand is not necessary.

Second, the trial court concluded that the exception to the three-year limitations period in wrongful death actions for "an intentional act constituting murder," Minn.Stat. § 573.02, applied in this case, and therefore the Silbersteins' claim against Cordie was not time-barred. This court affirmed the trial court's decision on this issue. *Silberstein v. Cordie,* 474 N.W.2d 850, 854 (Minn. App.1991). Given that the Silbersteins' wrongful death claim is not time-barred and Cordie's killing of Delton Silberstein meets the *Wicka* standard, we hold as a matter of law American is obliged to defend and indemnify Cordie.

American argues that if Silberstein's killing is "an intentional act constituting murder," then necessarily the exclusion provi-

sion in the insurance policy applies, and American is not required to defend or indemnify Cordie in the wrongful death action. We disagree. We recognize the concept of intent has taken on different connotations in *Wicka* and *Silberstein*. This is because the term is used in two different contexts—an insurance policy and a limitations period exception—and the policy underlying its use in these contexts justifies such a distinction.

 The *Wicka* court construed an insurance provision. An insurance policy is a contract, the terms of which determine the extent of the insurer's liability. *Bobich v. Oja*, 258 Minn. 287, 294, 104 N.W.2d 19, 24 (1960). It is axiomatic that an insurance policy, especially its exclusion provisions, be construed against the insurer. *National Farmers Union Property & Casualty Co. v. Anderson*, 372 N.W.2d 71, 75 (Minn. App.1985). A strict construction is especially justified when the policy rationale behind the exclusion provision is not applicable. Here, the purpose of the intentional act exclusion is to deny the insured "a license to commit wanton and malicious acts." *Wicka*, 474 N.W.2d at 331. This purpose, however, cannot be furthered by denying coverage to an individual who, due to mental illness, lacks the ability to control his conduct.

In contrast, the wrongful death statute was created by the legislature for the benefit of the surviving spouse and next of kin and is intended to provide compensation for loss due to death. *Martz v. Revier*, 284 Minn. 166, 170, 170 N.W.2d 83, 85 (1969). Further, the wrongful death statute and an exception to a limitations period are remedial in nature and require a liberal construction. *Fussner v. Andert*, 261 Minn. 347, 354, 113 N.W.2d 355, 359 (1961); *Shumway v. Nelson*, 259 Minn. 319, 322, 107 N.W.2d 531, 533 (1961); *Nebola v. Minnesota Iron Co.*, 102 Minn. 89, 91, 112 N.W. 880, 880 (1907). This is the construction, at least implicitly, this court advanced in concluding that the three-year limitations period did not bar the Silbersteins' wrongful death claim against Cordie. *See Silberstein*, 474 N.W.2d at 854.

Under these circumstances, the trial court did not err in concluding that American has a duty to defend and indemnify Cordie in the Silbersteins' wrongful death claim.

## DECISION

The trial court did not err by granting Cordie summary judgment. American owes a duty to defend and indemnify Cordie in the Silbersteins' wrongful death claim against him.

Affirmed.